IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WESLEY I. PURKEY,**

                **Petitioner,**

        **v.**                                          CASE NO.  06-3356-SAC

**STATE OF KANSAS,**

                **Respondents.**

## MEMORANDUM AND ORDER

This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed pro se and not upon forms by an inmate currently confined at the United States Penitentiary, Terre Haute, Indiana.  Petitioner has also filed motions for leave to proceed in forma pauperis (Docs. 2,3) and a motion to appoint counsel (Doc. 5).  It appears from the documents filed in support, that petitioner's motions for leave to proceed in forma pauperis should be granted.  The court denies petitioner's motion for appointment of counsel at this juncture.  There is no right to appointment of counsel in a federal habeas corpus action, and petitioner appears capable of litigating this matter.

Mr. Purkey seeks to challenge his convictions in the District Court of Wyandotte County, Kansas, of the felony murder and aggravated robbery of an elderly woman, Mrs. Bales.  The crimes were committed on October 27, 1998.  Petitioner admitted murdering Mrs. Bales during police interrogation.  However, Mr. Purkey claims he did not have the requisite capacity or intent to murder as the result of drugs he had ingested at the time of the offense and

poisoning by his wife and others, which he claims occurred over several months prior to the murder. On August 18, 1999, counsel for Mr. Purkey filed a "Notice of Intent to Rely Upon Defense of Insanity, Lack of Required Mental State, Diminished Capacity or Presence of Mental Disease or Defect and Motion for Appointment of Psychiatrist" (Exh. N). Mr. Purkey was examined for competency at the Larned State Hospital, and an independent psychiatrist was appointed at defense request. However, at a plea hearing before the court on March 30, 2000, Mr. Purkey admitted his guilt. He was sentenced on April 28, 2000, to life plus 206 months in prison, to be served consecutive to "other cases." He alleges he did not file a direct appeal of his guilty pleas.

Mr. Purkey states he was subsequently convicted in 2001 in the United States District Court for the Western District of Missouri of the federal charge of kidnaping resulting in murder of a Ms. Long, and a sentence of death was imposed. He alleges the "Bales murder was an aggravating factor relied upon by the government" in obtaining this death sentence. He is presently confined at the USP in Terre Haute awaiting "execution of (his federal) sentence."

Mr. Purkey claims his wife, Jeanette Purkey, denied poisoning her husband during a deposition taken in the Bales case, but when she was questioned by the investigator in the Long case in 2002, she admitted she had "laced her husband's drugs with rat poison" and signed an affidavit rescinding her earlier denials.

Petitioner filed a 60-1507 post-conviction motion on June 24, 2003, raising ineffective assistance of counsel claims, including

counsel's failure to secure evidence of his poisoning, and attached his wife's affidavit in support.  He alleged he had witnesses to whom his wife admitted after the Bales trial that she had been poisoning him for over a year before the Bales murder "for treating her the way he did."  The 1507 petition was denied without appointment of counsel and without a hearing on October 15, 2003. After counsel was appointed, petitioner appealed the denial to the Kansas Court of Appeals (KCOA), which affirmed the denial on April 7, 2006; and to the Kansas Supreme court, which summarily denied review on September 19, 2006.  Petitioner executed the federal Petition filed in this court on December 20, 2006.

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. 2244(d)(1)(A).  The statute also provides for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. 2244(d)(2).  It appears from the procedural history set forth by petitioner that, without tolling, his federal Petition is time barred.

Applying the statutory provisions to the facts of this case, it

3

appears petitioner's convictions "became final" for limitations purposes on or about May 9, 2000[1]. The statute of limitations began to run on this date, apparently ran uninterrupted for a year, and expired on May 9, 2001. The limitations period was not statutorily tolled during the pendency of petitioner's 60-1507 action, which was filed on June 24, 2003, since it had expired over two years earlier.

The question now is whether or not petitioner is entitled to equitable tolling. A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory

---

[1] On April 28, 2000, petitioner was sentenced and had 10 days to appeal. Because he did not appeal, his conviction became final 10 days later, on May 9, 2000. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

4

period." Id. (internal citations omitted); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003. "Simple excusable neglect is not sufficient." Gibson, 232 F.3d at 808.

The court directs Mr. Purkey to show cause why this petition for writ of habeas corpus should not be dismissed as time barred under 28 U.S.C. 2244(d)(1). He shall be given time to supplement his Petition with facts establishing his entitlement to equitable tolling.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days to show cause why this petition for writ of habeas corpus, 28 U.S.C. 2254, should not be dismissed as time barred under 28 U.S.C. 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner's motions for leave to proceed in forma pauperis (Docs. 2&3) are granted; and his motion to appoint counsel (Doc. 5) is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

5