IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WESLEY I. PURKEY,

                Petitioner,

      v.                            CASE NO. 06-3356-SAC

STATE OF KANSAS,

                Respondents.

### MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate currently confined at the United States Penitentiary, Terre Haute, Indiana. On January 5, 2007, this court ordered Mr. Purkey to show cause why this Petition should not be dismissed as time barred under 28 U.S.C. § 2244(d)(1), and gave him time to supplement his Petition with facts establishing his entitlement to equitable tolling.

In his response to the court's show cause order, petitioner argues that his Petition should not be dismissed as time-barred because (1) he is entitled to additional statutory tolling of the limitations period, (2) the statute of limitations start date was much later when he obtained "newly discovered evidence," and (3) that "the breached plea agreement warrants equitable tolling."

### STATUTORY TOLLING

Mr. Purkey acknowledges that his convictions "became final" on or about May 9, 2000. However, he asserts that the federal limitations period was tolled on that date and remained tolled as

long as he could file a timely state habeas corpus action. He cites 28 U.S.C. § 2244(d)(2) as authority for this assertion. Section 2244(d)(2) provides that the one-year statute of limitations applicable to federal habeas corpus petitions shall be tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." He states that during this period there was no time limitation under Kansas law for filing a state post-conviction motion. Based on these premises, petitioner claims the federal limitations period was statutorily tolled from the time his conviction became final until his state habeas action was finally determined by the Kansas Supreme Court on September 19, 2006.

The statutory tolling under 28 U.S.C. § 2244(d)(2) requires that a state habeas action be "properly pending." Thus, tolling does not occur unless and until a state habeas action has actually been properly filed. Petitioner's premise that this statutory tolling applies during all the time a state habeas action may be filed, not just after one has been filed, has no legal basis and is contrary to the plain terms of the statute. Mr. Purkey is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) during the period from May 9, 2000, to May 9, 2001, because there was no state habeas action properly pending.

**LATER START DATE**

"In the alternative," Mr. Purkey argues that the statute of limitations did not begin to run in his case on the date his state conviction became final, May 9, 2000, as provided in 28 U.S.C. 2244(d)(1)(A). Instead, he asserts his start date should be determined under 28 U.S.C. § 2244(d)(1)(D), which provides that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Under the plain terms of subsection (D), petitioner is not entitled to the later start date as asserted. The claim for which he alleges he obtained "new" evidence in October, 2003, is that his wife was poisoning him prior to the murder. From petitioner's allegations in his Petition, it is clear he knew the factual predicate for this claim prior to his conviction and the running of the statute of limitations, since he alleges he demanded that detectives investigate the poisonings in exchange for his confession, and during pretrial stages he requested evaluation for his mental capacity including the effects of poisoning[1], as well as having deposed his wife who denied poisoning him. What petitioner has managed to obtain since his conviction is an alleged recantation by his wife of her deposition testimony and her

---

[1] Petitioner exhibits a Motion filed in the 1998 criminal proceedings by his attorney requesting that he be re-evaluated at Larned State Hospital and that the evaluation
    should particularly investigate the effect of 'lacing' of pesticides into defendant's system by third (3rd) parties to determine what effect they would have upon the ability of defendant to understand or know the consequences of his acts."

Petition (Doc. 1), Attach. 7.

admission that she did poison him prior to the murder, which constitutes new or additional evidence of a claim already repeatedly asserted by him.[2]

Petitioner does not allege facts clearly establishing when he was first "on notice" that his wife was willing to recant her deposition testimony.  He claims the limitations period should run from the date of an interview with her by an investigator, and her signature on the interviewer's summary report[3].  However, the investigator noted in his report that Purkey's wife admitted to Purkey when she visited him at the CCA that she had poisoned him.  The date of that visit is not provided.  Thus, petitioner fails to satisfy his burden of establishing the date on which the alleged new evidence could have been discovered by him with due diligence.

Even if petitioner alleged facts establishing that his wife's recantation was not or could not have been discovered prior

---

[2] In his response, Mr. Purkey interprets § 2244(d)(1)(D) as meaning that the limitations period runs from the date "a petitioner has in his possession evidence in support of his claim." He cites Pacheco v. Artuz, 193 F.Supp.2d 756, 760 (S.D.N.Y. 2002) for this proposition. However, he misquotes Pacheco, which actually states:
> The AEDPA "newly discovered evidence" provision runs "from the date a petitioner is on notice of the facts which would support a claim, **not** from the date on which the petitioner has in his possession evidence to support his claim." Id. (emphasis added).

Petitioner also inappropriately attempts to read the "due diligence" requirement out of the statute.

[3] Mr. Purkey alleges his wife, Jeanette Purkey, denied poisoning him during a deposition taken in the Bales murder case, but when she was subsequently questioned by the investigator in the Long murder case in 2002, she admitted she had "laced her husband's drugs with rat poison" and signed an affidavit rescinding her earlier denial. Petitioner filed a 60-1507 post-conviction motion on June 24, 2003, raising ineffective assistance of counsel claims, including counsel's failure to secure evidence of his poisoning, and attached his wife's affidavit in support.

to October, 2003, his wife's statement is not shown to constitute reliable evidence of his factual innocence[4]. The court is presented with no reason to credit this evidence over Purkey's admission during his plea proceeding that he committed the murder[5]. Thus, accepting the wife's exhibited statement or recantation as credible does not render Mr. Purkey's admission of guilt less reliable or constitutionally improvident. Nor is it even material evidence[6], given that Mr. Purkey was evaluated and found to have

---

[4]

Petitioner exhibits a copy of the opinion of the Kansas Court of Appeals (KCOA) affirming the denial of his 60-1507 petition. Among the state court's findings are the following pertinent facts:

> In March 2000, Purkey pled guilty to first-degree felony murder and aggravated robbery. He admitted that in October 1998 he used a hammer to beat to death 80-year-old Mary Ruth Bales when he came to her house to make plumbing repairs. . . . Purkey told his lawyers that these crimes were due to the effects of rat poison with which his wife, Jeanette Long, had contaminated his supply of crack cocaine. In the course of discovery, and before Purkey decided to plead, his counsel deposed Jeanette, who denied any attempt to poison her husband.
> Purkey was later convicted in an unrelated case in federal court in Missouri of kidnapping (sic) and murdering Jennifer Long. Using his conviction for the Bales murder as an aggravating factor, Purkey was sentenced to death. Thereafter, Purkey obtained so-called "affidavits" from Jeanette, in which she claims, contrary to her prior sworn deposition testimony, that she poisoned her husband approximately five times before the Bales murder. She says she put the rat poison in water that Purkey placed in a syringe he used for injecting himself with cocaine. . . . The statements in the "affidavits" were not given under oath.

Purkey v. State of Kansas, No. 92,524, *2-*3 (KCOA Apr. 7, 2006, unpublished).

[5]

During his plea hearing, Mr. Purkey stated:
> I did kill Ms. Bales. I went back the next day. I did take a purse, her purse. I took a couple of watches to make it look like there had been a break-in in the house. . . .

Id. at *6; Petition (Doc. 1) Attach. 16 (Transcript of Plea Hearing at 8).

[6]

The KCOA noted that in his pro se 1507 motion, Mr. Purkey relied upon Jeanette's "affidavits" in claiming that the poisonings "deprived him of the mental capacity of the ordinary use of the senses of reason." Id. at *3. The KCOA found that Purkey had "failed to present any evidence whatsoever (in support

had culpable mental capacity at the time of the murder, despite his contemporaneous claim of having been poisoned by his wife.

**EQUITABLE TOLLING**

In the habeas corpus context, equitable tolling may be available, but has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In Gibson, the Tenth Circuit recognized that "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent[7], when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a

---

of his 1507 motion) to demonstrate that the claimed poisonings had, or could have, any effect on his mental state or capacity." Id. at *4. The KCOA further found that "at the time of the murder he was apparently high on crack cocaine he and a woman named Sanders had purchased and smoked that morning," and he failed "to make any connection between the claimed 'contamination' of the . . . cocaine he injected into his veins on earlier occasions and the events on the day of the murder." The court concluded that without such evidence, the issue was immaterial. They further concluded that "his mental state at the time of the crime was thoroughly investigated by the three attorneys who represented him up to the time Purkey elected to end the proceedings and plead guilty." Id. at *4.

[7] Equitable tolling may be available where "a constitutional violation has resulted in the conviction of one who is actually innocent." Miller, 141 F.3d at 978. Prisoners asserting actual innocence must produce "new evidence" establishing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." See House v. Bell, ___ U.S. ___, 126 S.Ct. 2064, 2076-2077 (2006). Petitioner does not assert his actual innocence, and his plea of guilty is not consistent with any assertion of actual innocence. See Bousley v. United States, 523 U.S. 614, 623-624 (1998); Felder v. Johnson, 204 F.3d 168 (5th Cir.)(mere claim of innocence, with no showing of factual innocence, does not constitute "rare and exceptional" circumstance for equitable tolling), cert. denied, 531 U.S. 1035 (2000); Herrera, 506 U.S. 390, 418 (1993)(Actual innocence evidence "must be considered in light of the proof of petitioner's guilt at trial."). The evidence proffered by petitioner is wholly insufficient to establish "new reliable evidence that was not presented at trial" or to establish "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." See Schlup v. Delo, 513 U.S. 298, 324, 327-29 (1995); Doe v. Menefee, 391 F.3d 147, 172 (2nd Cir. 2004), cert. denied, 546 U.S. 961 (2005).

6

prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson, 232 F.3d at 800; Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003); Miller, 141 F.3d at 977.  A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.").  The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. Miller, 141 F.3d at 977.

The court finds Mr. Purkey has not satisfied his burden of showing that equitable tolling of the limitation period is warranted in this case.  He has not shown either an impediment to his ability to pursue federal habeas relief or due diligence in presenting his federal claims.  His allegations of a breached plea agreement do not entitle him to equitable tolling.  The court further finds petitioner's convictions "became final" for limitations purposes on May 9, 2000[8].  The statute of limitations began to run on this date, and ran uninterrupted for one year.  It

---

[8] On April 28, 2000, petitioner was sentenced and had 10 days to appeal. Because he did not appeal, his conviction became final 10 days later, on May 9, 2000.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

7

expired on May 9, 2001.  The limitations period was not statutorily tolled during the pendency of petitioner's 60-1507 action filed on June 24, 2003, since it had expired over two years earlier.  For all the foregoing reasons, the court concludes this Petition is untimely and should be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus, 28 U.S.C. 2254, is dismissed as time-barred under 28 U.S.C. 2244(d)(1), and all relief is denied.

**IT IS FURTHER ORDERED** that petitioner's Motion to Expedite Ruling (Doc. 10) is denied as moot.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2007, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge