```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**WESLEY I. PURKEY,**
                **Petitioner,**

        v.                          CASE NO.  06-3356-SAC

**STATE OF KANSAS,**
                **Respondents.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate currently confined at the United States Penitentiary, Terre Haute, Indiana.  On January 5, 2007, this court gave Mr. Purkey time to show cause why this Petition should not be dismissed as time barred, and to supplement his Petition with facts establishing his entitlement to equitable tolling.  On November 19, 2007, this court entered a Memorandum and Order dismissing this action as time-barred.  Petitioner filed a timely Notice of Appeal, a Motion for Leave to Appeal in forma pauperis (Doc. 15), and a Motion to Appoint Counsel (Doc. 16) to represent him on appeal. While those matters were pending, petitioner filed a "Motion for Extension of Time for a Certificate of Appealability" (Doc. 20) in which he seeks additional time to prepare a "Motion for a Certificate of Appealability."  Having considered the materials filed by petitioner, the court finds as follows.

Petitioner was permitted to proceed in forma pauperis at the district court level, and his Motion for Leave to Proceed in forma pauperis on appeal (Doc. 15) shall be granted.  The matter of appointment of counsel in a habeas corpus proceeding is within the

court's discretion, and there is no right to representation of counsel on appeal of dismissal of a habeas petition. Mr. Purkey has adequately presented the facts underlying his claims and his arguments. Recitation of legal authority is not required in support of his pro se application for COA. For these reasons, petitioner's Motion to Appoint Counsel to represent him on appeal (Doc. 16) is denied, without prejudice.

The right to appeal the dismissal of a habeas corpus petition is governed by the certification of appealability requirements in 28 U.S.C. § 2253. Slack v. McDaniel, 529 U.S. 473, 478 (2000). An appellate case is commenced when the application for a COA is filed. Id. at 482. Petitioner's appellate case was commenced when his Notice of Appeal was filed, as district courts are required to treat a pro se Notice of Appeal as an application for a COA. Slick, 529 U.S. at 483, *citing* Fed.Rule App. Proc. 22(b); Fed. Rule Civ. Proc. 8(f); and see also Hohn v. U.S., 524 U.S. 236, 240 (1998). To obtain a COA under 2253(c), a habeas prisoner is required to make a substantial showing of the denial of a constitutional right and "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 483-84, *citing* Barefoot v. Estelle, 463 U.S. 880, 893-94 (1983). However, in the more complicated circumstance where the district court dismissed the petition based on procedural grounds, the U.S. Supreme Court held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue if the petitioner shows, at least, that jurists of reason

>would find it debatable whether the district court was correct in its procedural ruling.

Slack, 529 U.S. at 484. Thus, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. Petitioner is thus required to make specific showings, and has not attempted to do so in his Notice of Appeal. The court concludes his motion for additional time to file a brief in support of his application for a COA should be granted.

**IT IS THEREFORE ORDERED** that petitioner's Motion to proceed in forma pauperis on appeal (Doc. 15) is granted; petitioner's Motion to Appoint Counsel on appeal (Doc. 16) is denied, without prejudice; and petitioner's Motion for Extension of time (Doc. 20) in which to file a brief in support of his application for certificate of appealability is granted to and including January 28, 2008.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2008, at Topeka, Kansas.

                                          <u>s/Sam A. Crow</u>  
                                        U. S. Senior District Judge